**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa, Esq.
California Bar No. 332132
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT J. ROWEN,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692** *et seq.*<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Robert J. Rowen ("Plaintiff"), by and through the undersigned attorney, complaining of Hunter Warfield, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law RFDCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California, Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

5. Plaintiff is a consumer Army veteran and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of California.

6. Defendant is a debt collection agency with its principal place of business located at 4620 Woodland Corporate Blvd., Tampa, Florida 33614. Defendant's principal business purpose is collecting defaulted debts on behalf of others. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7. In or around January 2020, Plaintiff began receiving unknown collection calls to his telephone number (530) XXX-8597 from Defendant attempting to collect an alleged debt unknown to Plaintiff ("alleged debt"), for which it acquired the right to collect after it was purportedly in default.

8. Plaintiff is the sole subscriber, owner, possessor, and operator of the telephone number ending in 8597.

9. Plaintiff was perplexed as to why Defendant was calling him to collect a defaulted apartment lease from Reno, Nevada on behalf of Sundance West Apartments. The alleged debt

Defendant was attempting to collect did not belong to him as he never resided in Reno, Nevada, but rather was owed by an individual named "Robert D. Rowen."

10. Plaintiff *never* provided his telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

11. On June 14, 2021 Plaintiff answered a call from Defendant to inquire as to why Defendant was calling him.

12. Upon learning that Defendant was calling for Robert D. Rowen, Plaintiff provided Defendant with last four digits of his social security and told Defendant he was not who they were calling for, that it had the wrong number and that he wanted the calls to cease.

13. Despite knowing that Plaintiff was not "Robert D. Rowen" and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff at an excessive and harassing rate.

14. Additionally, on top of placing numerous collection calls, Defendant has been sent multiple collection letters to Plaintiff's home in an attempt to collect on the alleged debt.

15. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from January 2021 through the present day in an attempt to collect on a defaulted debt belonging to another person without Plaintiff's prior express consent.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, the increased risk of personal

injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration.

18. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

28. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff without his consent and after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's telephone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him and the alleged debt did not belong to him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that he did not legally owe as it belonged to another individual.

29. Moreover, Defendant was repeatedly notified by Plaintiff that he was not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

30. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's telephone seeking immediate payment on a debt that did not belong to him. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that he did not owe the alleged debt and demanded that the calls cease.

31. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed frequent harassing phone calls to Plaintiff's telephone from early 2021 through the present day, without his prior consent.

### c. Violations of FDCPA § 1692e

32. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to

5

collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt did not belong to him. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

33. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that he did not legally owe. Placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

34. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

36. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ROBERT J. ROWEN respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

40. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   a. **Violations of RFDCPA § 1788.11(e)**

42. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

43. Defendant violated the RFDCPA when it continuously called Plaintiff's telephone after he informed them that he was not the consumer Defendant was trying to reach and that he wanted the calls to cease. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment despite not owing the alleged debt. The frequency and volume

of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

44. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's telephone.

**WHEREFORE**, Plaintiff, ROBET J. ROWEN, respectfully requests that this Honorable Court:

 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

 b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

 c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

 d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

 e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: June 23, 2021          Respectfully submitted,

              By: */s/ Alejandro E. Figueroa*
              Alejandro E. Figueroa, Esq.
              California Bar No. 332132
              Sulaiman Law Group, Ltd.
              2500 S. Highland Ave, Suite 200
              Lombard, IL 60148
              Phone: (630) 575-8181
              alejandrof@sulaimanlaw.com
              *Counsel for Plaintiff*